**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| J.R.P., a minor by his guardian, JAMES PENNINGTON, and J.L.P., a minor by his guardian, JAMES PENNINGTON, </br></br>　　　　Plaintiffs, </br></br>　v. </br></br>FLORA COMMUNITY UNIT SCHOOL DISTRICT, #35 </br></br>　　　　Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Case Number: |

## COMPLAINT

NOW COMES Plaintiff J.R.P., a minor by his guardian, JAMES PENNINGTON, and J.L.P., a minor by his guardian, JAMES PENNINGTON, by and through undersigned counsel, and for their Complaint against Defendant FLORA COMMUNITY UNIT SCHOOL DISTRICT # 35, states as follows:

### Introduction

1. This is an action for money damages brought by two autistic minor brothers, J.R.P. and J.L.P., by their father James Pennington pursuant to the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, the Fourteenth Amendment to the United States Constitution, and under the laws of the State of Illinois, against Flora Community Unit School District, #35.

2. As more fully described below, minor Plaintiffs were the victims of severe bullying and harassment while students at the Defendant's school district. The Defendants were not only aware of the bullying and allowed it to occur, but at times joined in to make it worse.

The bullying, and the Defendant's failure to remedy it, were based on Plaintiff's qualified disability. This severe bullying and harassment caused mental, emotional, and psychological injuries in both minor Plaintiffs which may be permanent. It has also caused pain, suffering, and has caused the Plaintiffs and their parents to incur medical expenses.

## Parties

3. Plaintiff James Pennington is a citizen of the United States and a resident of the Sothern District of Illinois. He is the father and legal guardian of minor plaintiffs J.R.P. and J.L.P. and brings this lawsuit on their behalf.

4. Plaintiff J.R.P., a minor, is a disabled citizen of the United States and a resident of the Southern District of Illinois. Plaintiff J.R.P. has autism spectrum disorder.

5. Plaintiff J.L.P., a minor, is a disabled citizen of the United States and a resident of Southern District of Illinois. Plaintiff J.L.P. has autism spectrum disorder.

6. Defendant Flora Community Unit School District #35 is a public-school district in the state of Illinois. Its principal office is in the Southern District of Illinois. Upon information and belief, Defendant receives federal funding.

## Jurisdiction and Venue

7. This Court has jurisdiction over Plaintiffs' claims arising under the Constitution or laws of the United States pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. Plaintiffs have satisfied applicable administrative remedy requirements.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391. On information and belief, all parties reside in this judicial district, and the events giving rise to the claims

asserted herein all occurred within this district.

**Facts**

9. Plaintiffs J.R.P. and J.L.P. are minor twin brothers that have Autism Spectrum Disorder.

10. From 2015 and continuing until January 13, 2019, both Plaintiffs were victims of a severe and pervasive campaign of verbal and physical bullying and harassment by other students at the Defendant's school.

11. The reason both Plaintiffs were targeted for bullying were because they have autism. As a result, they are perceived—and treated—by other students and by Defendants' employees as "different."

12. At all relevant times, Defendants had lawful disciplinary authority over the perpetrators of the bullying because they were students on Defendants' property and the harassment occurred on school property during school hours. Therefore, Defendants exercised substantial control over the circumstances which led to the harassment and/or the conditions where the harassment was perpetrated.

13. Despite having actual knowledge that Plaintiffs were being bullied and of the significant harmful effects which it was having upon them, Defendants looked the other way and failed to take appropriate measures to prevent or stop the bullying or discipline the perpetrators. In some instances, they even joined in the bullying themselves.

14. Defendants' widespread custom or practice of allowing bullying in their schools has sent a message that students who harass their peers will not face serious consequences. This

has fostered a culture of passivity, even tolerance, on the part of school staff which leads students to engage in such conduct because they know that they can get away with it.

15. The bullying was a constant, continuing, daily struggle. A non-exhaustive list of examples of the bullying include:

- On or around April 2, 2018, J.R.P. was falsely accused of urinating in a trashcan by a group of bullies. Despite no evidence of doing so and his vehement denials, administrators joined-in with the bullying students and then punished J.R.P. for the incident. This gaslighting caused J.R.P. so much distress he was admitted to the hospital with suicidal ideations.
- In another instance, J.R.P. was stabbed with a pencil by one of his regular bullies which necessitated an ER visit. The perpetrator of the assault was the child of a longtime teacher at the Defendant school district. As such, they faced no serious consequences from the incident. J.R.P., however, got in trouble for his behavior before the stabbing occurred.
- Both Plaintiffs were both repeatedly bullied so bad in the locker room that they became too terrified to change before PE class and were often late to class to avoid their tormentors. Despite knowing this, the PE teacher directed their discipline at James and Jacob for tardiness and not the bullies who were the cause of the situation.
- One way J.L.P.'s disability manifests itself is he has an irrational fear of getting splinters from sitting in wood chairs. On one occasion, J.L.P. made the reasonable request to switch chairs from a wood chair to a metal one and Defendant's special education teacher told him "You're not going to use your autism as an excuse around here, boy."

16. In an effort to put a stop to the bullying, the Plaintiffs' father James Pennington reported the bullying to district officials, including district superintendent Joel Hackney, numerous times. The district had actual knowledge of the bullying and failed to act.

17. Due to the trauma the Plaintiffs went through, they have suffered severe mental, emotional, and psychological injuries which may be permanent. They have also experienced pain and suffering and have incurred medical expenses.

## COUNT I

**James Pennington as Guardian of J.R.P. vs FLORA COMMUNITY UNIT SCHOOL DISTRICT #35**
**SECTION 504 OF THE REHABILITATION ACT**

18.     Plaintiffs incorporate by reference all other allegations made in this Complaint as if fully set forth herein.

19.     This claim is brought pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq. ("Section 504") and its implementing regulations, 34 C.F.R. § 104 et seq.

20.     Section 504 guarantees J.R.P. the right to participate, along with nondisabled students, in academic, nonacademic and extracurricular activities (e.g., lunch, recess, recreational activities) and services to the maximum extent appropriate to her needs. 34 C.F.R. § 104.34(a), (b).

21.     J.R.P.'s condition substantially limits one or more major life activities. He is an "individual with a disability" as defined by 29 U.S.C. § 705.

22.     Defendants receive federal financial assistance.

23.     Defendants operate a "program or activity" as defined by 29 U.S.C. § 794(b); namely, provision of educational services.

24.     Defendants operated their program or activity on the basis of generalizations, assumptions, prejudices or stereotypes about J.R.P's disability and how it affects her.

25.     Students' bullying of J.R.P. constitutes harassment on the basis of his disability, which interfered with his right to receive an education in an environment free from discrimination.

26. Defendants knew, or were deliberately indifferent to knowing, that J.R.P. was being harassed on the basis of his disability yet failed to take proper steps to investigate or otherwise determine what occurred.

27. Defendants knew, or were deliberately indifferent to knowing, that J.R.P. was being subjected to discriminatory harassment which created a hostile environment sufficiently serious to interfere with or limit J.R.P.'s ability to participate in or benefit from Defendants' programs or activities; namely, their educational program.

28. Despite this knowledge, Defendants failed to take prompt and effective steps to end the harassment, eliminate the hostile environment, prevent its recurrence and remedy its effects.

29. Defendants discriminated against J.R.P. solely by reason of his disability in violation of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 et seq. Specifically, Defendants subjected him to a hostile educational environment and deprived him of the opportunity to attend school and participate in their programs or activities.

30. Defendants excluded J.R.P. from participation in, denied her the benefits of, or otherwise subjected her to discrimination under a program or activity which receives federal financial assistance in violation of 34 C.F.R. § 104(a).

31. By allowing a hostile educational environment to exist at school, Defendants discriminated against J.R.P. because of his disability.

32. Defendants acted with discriminatory intent or deliberate indifference towards J.R.P.

33. As a direct and proximate result of the Defendant's discrimination, Plaintiff suffered mental, emotional, and psychological injuries which may be permanent. It has also caused pain, suffering, and has caused the Plaintiffs and their parents to incur medical expenses.

WHEREFORE, Plaintiff J.R.P., a minor by his father, JAMES PENNINGTON respectfully requests that this court enter judgment against Defendant, awarding compensatory damages, and for any further relief this court deems just.

### COUNT II
### J.L.P. vs FLORA COMMUNITY UNIT SCHOOL DISTRICT #35
### SECTION 504 OF THE REHABILITATION ACT

34. Plaintiffs incorporate by reference other allegations made in this Complaint as if fully set forth herein.

35. This claim is brought pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq. ("Section 504") and its implementing regulations, 34 C.F.R. § 104 et seq.

36. Section 504 guarantees J.L.P. the right to participate, along with nondisabled students, in academic, nonacademic and extracurricular activities (e.g., lunch, recess, recreational activities) and services to the maximum extent appropriate to her needs. 34 C.F.R. § 104.34(a), (b).

37. J.L.P.'s condition substantially limits one or more major life activities. He is an "individual with a disability" as defined by 29 U.S.C. § 705.

38. Defendants receive federal financial assistance.

39. Defendants operate a "program or activity" as defined by 29 U.S.C. § 794(b); namely, provision of educational services.

40. Defendants operated their program or activity on the basis of generalizations, assumptions, prejudices or stereotypes about J.L.P's disability and how it affects her.

41. Students' bullying of J.L.P. constitutes harassment on the basis of his disability, which interfered with his right to receive an education in an environment free from discrimination.

42. Defendants knew, or were deliberately indifferent to knowing, that J.L.P. was being harassed on the basis of his disability yet failed to take proper steps to investigate or otherwise determine what occurred.

43. Defendants knew, or were deliberately indifferent to knowing, that J.L.P. was being subjected to discriminatory harassment which created a hostile environment sufficiently serious to interfere with or limit J.L.P.'s ability to participate in or benefit from Defendants' programs or activities; namely, their educational program.

44. Despite this knowledge, Defendants failed to take prompt and effective steps to end the harassment, eliminate the hostile environment, prevent its recurrence and remedy its effects.

45. Defendants discriminated against J.L.P. solely by reason of his disability in violation of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 et seq. Specifically, Defendants subjected him to a hostile educational environment and deprived him of the opportunity to attend school and participate in their programs or activities.

46. Defendants excluded J.L.P. from participation in, denied her the benefits of, or otherwise subjected her to discrimination under a program or activity which receives federal financial assistance in violation of 34 C.F.R. § 104(a).

47. By allowing a hostile educational environment to exist at school, Defendants discriminated against J.L.P. because of his disability.

48. Defendants acted with discriminatory intent or deliberate indifference towards J.R.P.

49. As a direct and proximate result of the Defendant's discrimination, Plaintiff suffered mental, emotional, and psychological injuries which may be permanent. It has also caused pain, suffering, and has caused the Plaintiffs and their parents to incur medical expenses.

WHEREFORE, Plaintiff J.L.P., a minor by his father, JAMES PENNINGTON respectfully requests that this court enter judgment against Defendant, awarding compensatory damages, and for any further relief this court deems just.

## COUNT III
## J.R.P. vs FLORA COMMUNITY UNIT SCHOOL DISTRICT #35
## AMERICANS WITH DISABILITIES ACT

50. Plaintiffs incorporate by reference other allegations made in this Complaint as if fully set forth herein.

51. This claim is brought pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 and its implementing regulations, 34 C.F.R. Part 35.

52. Defendant is a "public entity" as defined by 42 U.S.C. § 12131(1).

53. J.R.P. is a "qualified individual with a disability" as defined by 42 U.S.C. § 12131(2).

54. By reason of J.R.P.'s disability, Defendants excluded her from participation in or denied her the benefits of the services, programs or activities of a public entity or subjected J.R.P. to discrimination. Specifically, by failing to take reasonable measures to address the bullying, Defendants subjected J.R.P. to a hostile environment at school.

55. Defendants acted with discriminatory intent or deliberate indifference towards J.R.P.

56. Defendants' actions (and inaction) violate Title II of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12132 et seq. ("ADA").

57. As a direct and proximate result of the Defendant's discrimination, Plaintiff suffered mental, emotional, and psychological injuries which may be permanent. It has also caused pain, suffering, and has caused the Plaintiffs and their parents to incur medical expenses.

WHEREFORE, Plaintiff J.R.P., a minor by his father, JAMES PENNINGTON respectfully requests that this court enter judgment against Defendant, awarding compensatory damages, and for any further relief this court deems just.

## COUNT IV
## J.L.P. vs FLORA COMMUNITY UNIT SCHOOL DISTRICT #35
## AMERICANS WITH DISABILITIES ACT

58. Plaintiffs incorporate by reference other allegations made in this Complaint as if fully set forth herein.

59. This claim is brought pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 and its implementing regulations, 34 C.F.R. Part 35.

60. Defendant is a "public entity" as defined by 42 U.S.C. § 12131(1).

61. J.L.P. is a "qualified individual with a disability" as defined by 42 U.S.C. § 12131(2).

62. By reason of J.L.P.'s disability, Defendants excluded her from participation in or denied her the benefits of the services, programs or activities of a public entity or subjected J.L.P. to discrimination. Specifically, by failing to take reasonable measures to address the bullying, Defendants subjected J.L.P. to a hostile environment at school.

63. Defendants acted with discriminatory intent or deliberate indifference towards J.R.P.

64. Defendants' actions (and inaction) violate Title II of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12132 et seq. ("ADA").

65. As a direct and proximate result of the Defendant's discrimination, Plaintiff suffered mental, emotional, and psychological injuries which may be permanent. It has also caused pain, suffering, and has caused the Plaintiffs and their parents to incur medical expenses.

WHEREFORE, Plaintiff J.L.P., a minor by his father, JAMES PENNINGTON respectfully requests that this court enter judgment against Defendant, awarding compensatory damages, and for any further relief this court deems just.

## COUNT V
## J.R.P. vs FLORA COMMUNITY UNIT SCHOOL DISTRICT #35
## EQUAL PROTECTION

66. Plaintiffs incorporate by reference other allegations made in this Complaint as if fully set forth herein.

67. J.R.P. belongs to a protected class by reason of his disability. He is entitled to attend school in an environment which is not hostile; however, he was repeatedly harassed by other students, in whole or in part, because of his disability.

68. This harassment created a hostile environment at school and deprived J.R.P. of educational opportunities and benefits.

69. Defendants knew or should have known that failing to take reasonable measures to prevent J.R.P. from being subjected to harassment violated his equal protection rights.

70. Defendants had actual knowledge that J.R.P. was being bullied but turned a blind eye and their failure to act in the face of such knowledge demonstrates their deliberate indifference toward J.R.P.'s predicament.

71. Defendants' inaction and failure to take meaningful steps to address student on student harassment in their schools represents a widespread custom or practice.

72. There is no rational basis or legitimate state interest to justify Defendants' inaction in the face of numerous reports that J.R.P. was being bullied.

73. By their custom or practice of ignoring the bullying and as a result of their inaction, Defendants subjected J.R.P. to multiple instances of discrimination because of his disability.

74. Defendants' custom or practice of ignoring the harassment of students (particularly disabled students) in their schools is so well-settled that it amounts to a policy which is unconstitutional.

75. As a result of their unconstitutional custom or practice, J.R.P.'s constitutional rights were violated.

76. Pursuant to their custom, practice or de facto policy of ignoring student on student harassment, Defendants subjected J.R.P. to multiple instances of discrimination because of his disability.

77. Whether Defendants adopted a policy or engaged in a custom or practice which amounts to a policy, its inaction in the face of the ongoing, repeated and severe harassment of J.R.P. lacks any rational relationship with a legitimate government interest.

78. Defendants acted with discriminatory intent or deliberate indifference towards J.R.P.

79. Nondisabled students were not subjected to the same treatment as J.R.P.

80. Defendants, acting under color of state law, discriminated against J.R.P. because of his disability by allowing a hostile environment to exist at school. Such discrimination deprived J.R.P. of the equal protection of the law in violation of the Fourteenth Amendment to the Constitution.

81. As a direct and proximate result of the Defendant's discrimination, Plaintiff suffered mental, emotional, and psychological injuries which may be permanent. It has also caused pain, suffering, and has caused the Plaintiffs and their parents to incur medical expenses.

WHEREFORE, Plaintiff J.R.P., a minor by his father, JAMES PENNINGTON respectfully requests that this court enter judgment against Defendant, awarding compensatory damages, and for any further relief this court deems just.

## COUNT VI
## J.L.P. vs FLORA COMMUNITY UNIT SCHOOL DISTRICT #35
## EQUAL PROTECTION

82. Plaintiffs incorporate by reference other allegations made in this Complaint as if fully set forth herein.

83. J.L.P. belongs to a protected class by reason of his disability. He is entitled to attend school in an environment which is not hostile; however, he was repeatedly harassed by other students, in whole or in part, because of his disability.

84. This harassment created a hostile environment at school and deprived J.L.P. of educational opportunities and benefits.

85. Defendants knew or should have known that failing to take reasonable measures to prevent J.L.P. from being subjected to harassment violated his equal protection rights.

86. Defendants had actual knowledge that J. L.P. was being bullied but turned a blind eye and their failure to act in the face of such knowledge demonstrates their deliberate indifference toward J.L.P.'s predicament.

87. Defendants' inaction and failure to take meaningful steps to address student on student harassment in their schools represents a widespread custom or practice.

88. There is no rational basis or legitimate state interest to justify Defendants' inaction in the face of numerous reports that J.L.P. was being bullied.

89. By their custom or practice of ignoring the bullying and as a result of their inaction, Defendants subjected J.L.P. to multiple instances of discrimination because of his disability.

90. Defendants' custom or practice of ignoring the harassment of students (particularly disabled students) in their schools is so well-settled that it amounts to a policy which is unconstitutional.

91. As a result of their unconstitutional custom or practice, J.L.P.'s constitutional rights were violated.

92. Pursuant to their custom, practice or de facto policy of ignoring student on student harassment, Defendants subjected J.L.P. to multiple instances of discrimination because of his disability.

93. Whether Defendants adopted a policy or engaged in a custom or practice which amounts to a policy, its inaction in the face of the ongoing, repeated and severe harassment of J.L.P. lacks any rational relationship with a legitimate government interest.

94. Defendants acted with discriminatory intent or deliberate indifference towards J.L.P.

95. Nondisabled students were not subjected to the same treatment as J.L.P.

96. Defendants, acting under color of state law, discriminated against J.L.P. because of his disability by allowing a hostile environment to exist at school. Such discrimination deprived J.L.P. of the equal protection of the law in violation of the Fourteenth Amendment to the Constitution.

97. As a direct and proximate result of the Defendant's discrimination, Plaintiff suffered mental, emotional, and psychological injuries which may be permanent. It has also caused pain, suffering, and has caused the Plaintiffs and their parents to incur medical expenses.

WHEREFORE, Plaintiff J.L.P., a minor by his father, JAMES PENNINGTON respectfully requests that this court enter judgment against Defendant, awarding compensatory damages, and for any further relief this court deems just.

### COUNT VII

## J.R.P. vs FLORA COMMUNITY UNIT SCHOOL DISTRICT #35
## ILLINOIS HUMAN RIGHTS ACT

98. Plaintiffs incorporate by reference all other allegations made in this Complaint as if fully set forth herein.

99. The Illinois Human Rights Act, 775 ILCS 5/1 *et seq* prohibits, *inter alia,* discrimination regarding the availability of public accommodations based on disability.

100. J.R.P. is an individual with a disability within the meaning of 775 ILCS 5/1-103.

101. From 2015 and continuing until January 13, 2019, J.R.P. was subjected to severe and pervasive bullying and harassment while a student at Defendant's school district due to his disability.

102. School officials were aware of this and failed to take any action to stop or correct the harassment. In fact, certain teachers and administrators partook in the harassment.

103. The severe and pervasive harassment created a hostile and intimidating environment which interfered with J.R.P.'s ability to function in the school setting.

104. Plaintiff J.R.P. filed a charge with the Illinois Office of Human Rights regarding this conduct. A Notice of Opt Out and Right To Commence Action in Circuit Court has been entered.

105. As a direct and proximate result of the Defendant's discrimination, Plaintiff suffered mental, emotional, and psychological injuries which may be permanent. It has also caused pain, suffering, and has caused the Plaintiffs and their parents to incur medical expenses.

WHEREFORE, Plaintiff J.R.P., a minor by his father, JAMES PENNINGTON respectfully requests that this court enter judgment against Defendant, awarding compensatory damages, and for any further relief this court deems just.

## COUNT VIII
## J.L.P. vs FLORA COMMUNITY UNIT SCHOOL DISTRICT #35
## ILLINOIS HUMAN RIGHTS ACT

106. Plaintiffs incorporate by reference all other allegations made in this Complaint as if fully set forth herein.

107. The Illinois Human Rights Act, 775 ILCS 5/1 *et seq* prohibits, *inter alia,* discrimination regarding the availability of public accommodations based on disability.

108. J. L.P. is an individual with a disability within the meaning of 775 ILCS 5/1-103.

109. From 2015 and continuing until January 13, 2019, J.R.P. was subjected to severe and pervasive bullying and harassment while a student at Defendant's school district due to his disability.

110. School officials were aware of this and failed to take any action to stop or correct the harassment. In fact, certain teachers and administrators partook in the harassment.

111. The severe and pervasive harassment created a hostile and intimidating environment which interfered with J L.P.'s ability to function in the school setting.

112. Plaintiff J.L.P. filed a charge with the Illinois Office of Human Rights regarding this conduct. A Notice of Opt Out and Right To Commence Action in Circuit Court has been entered.

113.    As a direct and proximate result of the Defendant's discrimination, Plaintiff suffered mental, emotional, and psychological injuries which may be permanent. It has also caused pain, suffering, and has caused the Plaintiffs and their parents to incur medical expenses.

WHEREFORE, Plaintiff J.L.P., a minor by his father, JAMES PENNINGTON respectfully requests that this court enter judgment against Defendant, awarding compensatory damages, and for any further relief this court deems just.

Respectfully,

/s/ Michael J. Gras
Michael J. Gras
Law Office of Michael J. Gras, LLC
4818 Washington Blvd.
St. Louis, Missouri 63108
Telephone: (314) 200-4489
Facsimile: (314) 380-3113
grasmj@lawmjg.com

**TRIAL BY JURY DEMANDED ON ALL COUNTS**