IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| J.R.P. and J.L.P., minor children by and through their guardian, James Pennington, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 3:20-CV-11-MAB |
| vs. | )<br>)<br>) |
| FLORA COMMUNITY UNIT SCHOOL DISTRICT NO. 35, | )<br>)<br>) |
| Defendant. | )<br>) |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court on the Motion to Dismiss filed by Defendant Flora Community Unit School District No. 35 (Doc. 12). For the reasons explained below, the motion is denied.

### BACKGROUND

James Pennington brought this action on behalf of his two autistic minor sons, J.R.P. and J.L.P (Doc. 1). The boys were students in the Flora Community Unit School District No. 35 (*Id.*). The complaint alleges that, because of their autism, the boys were severely verbally and physically bullied and harassed by other students in the School District and that District officials were not only aware of the bullying and allowed it to occur, but at times joined in to make it worse (*Id.*). The complaint asserts claims against the School District under the Americans with Disabilities Act, Section 504 of the

Rehabilitation Act, the Equal Protection Clause of the Fourteenth Amendment, and the Illinois Human Rights Act (*Id.*). The boys seek compensatory damages for their "severe mental, emotional, and psychological injuries . . .which may be permanent," their pain and suffering, and the medical expenses they have incurred (*Id.*).

The School District filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. 12). The District first argues that the Complaint should be dismissed pursuant to Rule 12(b)(1) because Plaintiffs were required to exhaust their administrative remedies under the Individuals with Disabilities Education Act (IDEA) but they failed to plead exhaustion, thereby preventing this Court from having subject-matter jurisdiction over Plaintiffs' action. The District's second argument is that Counts 7 and 8 under the Illinois Human Rights Act must be dismissed because Plaintiffs failed to comply with the statute of limitations imposed by the Act. Plaintiffs filed a timely response to the motion to dismiss (Doc. 21). The School District did not file a reply.

## DISCUSSION

**A. IDEA Exhaustion**

The Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.*, requires participating states to provide children with certain physical or intellectual disabilities a "free appropriate public education" (FAPE), mainly through the implementation of "individualized education programs," (IEPs) which spell out a personalized plan designed to meet all of the child's "educational needs." *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 748, 749 (2017). The IDEA also establishes administrative

procedures to resolve disputes between school representatives and parents regarding the provision of a FAPE. *Id.* at 749. Parents must exhaust the administrative process before they can file a lawsuit under the IDEA against a school regarding the denial of a FAPE. *Id.*

The IDEA's exhaustion requirement also extends to claims against a school under other statutes, including the ADA, the Rehabilitation Act, and the Constitution, *if* these claims "seek relief that is also available under" the IDEA—meaning relief for the denial of FAPE, which is the "core guarantee" of the IDEA and the only relief the IDEA makes available. 20 U.S.C. § 1415(l); *Fry*, 137 S. Ct. at 750, 752. On the other hand, if the relief sought is not for the denial of a FAPE, then the IDEA's exhaustion requirement does not apply, even if "the suit arises directly from a school's treatment of a child with a disability—and so could be said to relate in some way to [their] education." *Fry*, 137 S. Ct. at 754. "In short, the IDEA guarantees individually tailored educational services, while [the ADA and the Rehabilitation Act] promise non-discriminatory access to public institutions." *Id.* at 756. Admittedly, there is "some overlap in coverage," and the same conduct might violate the IDEA, the ADA, and the Rehabilitation Act. But a complaint brought under the ADA and the Rehabilitation Act could also seek relief only for "simple discrimination, irrespective of the IDEA's FAPE obligation." *Id.*

Here, the School District asks the Court to dismiss the complaint on "jurisdictional" grounds under Rule 12(b)(1) because it contends that the IDEA's exhaustion requirement applies to Plaintiffs' claims but "Plaintiffs failed[ed] to plead or evidence that they exhausted their administrative remedies under the IDEA" (Doc. 12, ¶31). To begin with, the Seventh Circuit has explicitly held that the IDEA's exhaustion

requirement is a claims-processing rule and not a jurisdictional prerequisite. *Mosely v. Bd. of Educ. of City of Chicago*, 434 F.3d 527, 532–33 (7th Cir. 2006). Therefore, the Court cannot decide the motion to dismiss under Rule 12(b)(1) based on Plaintiffs' purported failure to exhaust under the IDEA. *Id.*

In the alternative, the Court will consider dismissal under Rule 12(b)(6), which is also not appropriate. The failure to exhaust under the IDEA is an affirmative defense upon which the defendant bears the burden of proof. *Mosely*, 434 F.3d at 533. Dismissal under Rule 12(b)(6) based on an affirmative defense is not appropriate because "Rule 12(b)(6) tests whether the complaint states a claim for relief," and a plaintiff can state a viable claim whether or not some defense is potentially available. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012); *United States v. N. Tr. Co.*, 372 F.3d 886, 888 (7th Cir. 2004). In other words, "complaints do not have to anticipate affirmative defenses to survive a motion to dismiss." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). *Accord Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016) ("[A] plaintiff ordinarily need not anticipate and attempt to plead around affirmative defenses.") (citation omitted); *Mosely*, 434 F.3d at 533 (plaintiff "had no obligation to allege facts negating an affirmative defense in her complaint"); *Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003) ("Affirmative defenses do not justify dismissal under Rule 12(b)(6); litigants need not try to plead around defenses.") Instead, a defendant seeking dismissal on the basis of an affirmative defense should first raise the defense in their responsive pleading and then move for judgment on the pleadings under Rule 12(c). *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 645 (7th Cir. 2019); *Brownmark*

*Films*, 682 F.3d at 690; *Mosely*, 434 F.3d at 533. Nevertheless, district courts sometimes grant Rule 12(b)(6) motions on the basis of affirmative defenses when "the allegations of the complaint . . . set forth everything necessary to satisfy the affirmative defense." *Hyson*, 821 F.3d at 939.[1] That is, "the factual allegations in the complaint unambiguously establish all the elements of the defense" and the plaintiff has "affirmatively plead[ed] himself out of court." *Hyson*, 821 F.3d at 939 (internal quotation marks and citations omitted).

Here, even if the Court assumes that the IDEA's exhaustion requirement applies to Plaintiffs' claims, Plaintiffs did not plead anything regarding exhaustion and nothing on the face of the complaint compels the conclusion that Plaintiffs failed to exhaust prior to filing suit (*see* Doc. 1). Plaintiffs therefore have not pleaded themselves out of Court and the portion of the School District's motion to dismiss pertaining to exhaustion must be denied.

## B. Timeliness Under the Illinois Human Rights Act

Before a plaintiff can bring a lawsuit under the IHRA, they must first file an

---

[1] The Seventh Circuit explained in *Brownmark Films* that "[t]hough district court have granted Rule 12(b)(6) motions on the basis of affirmative defenses and this court has affirmed those dismissals, we have repeatedly cautioned that the proper heading for such motions is Rule 12(c), since an affirmative defense is external to the complaint." *Brownmark Films*, 682 F.3d at 690 n.1. *Accord Mosely*, 434 F.3d at 533 (noting "parties and courts occasionally take short-cuts" and present arguments for dismissal on the basis of an affirmative defense through a 12(b)(6) motion, even though the proper vehicle is a motion for judgment on the pleadings under Rule 12(c)). *See also Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010) (explaining district judge "jumped the gun in dismissing case under Rule 12(b)(6)" because res judicata is an affirmative defense and therefore "the defendant should raise it and then move for judgment on the pleadings under Rule 12(c)," but error was "of no consequence" because the judge "had before him all he needed in order to be able to rule on the defense"); *Brooks v. Ross,* 578 F.3d 574, 579 (7th Cir. 2009) (disregarding the difference between a motion to dismiss under Rule 12(b)(6) and a motion for summary on the pleadings under Rule 12(c) because "the practical effect is the same" when the complaint sets forth all of the information necessary to decide an affirmative defense).

administrative charge with the Illinois Department of Human Rights and exhaust their administrative remedies. 775 ILCS 5/7A-102, 5/8-111(D). The administrative charge must be filed with the Illinois Department of Human Rights within 300 calendar days after the violation allegedly occurred. 775 ILCS 5/7A-102. However, as both parties acknowledge, acts that occurred outside the statutory 300-day window may still be timely if they are related to an act that occurred within the statutory time period (Doc. 12, p. 10; Doc. 21, p. 8). *Jones v. Lockard*, 956 N.E.2d 623, 630 (Ill. App. Ct. 2011). Only after the plaintiff receives a final report from the Department, or the Department fails to issue its report within 365 days after the charge is filed, can the plaintiff file a civil lawsuit. 775 ILCS 5/7A–102. In either circumstance, the complainant must file her civil action within 90 days of the qualifying event. *Id. See also Rabe v. United Air Lines, Inc.*, 971 F. Supp. 2d 807, 819 (N.D. Ill. 2013).

Just as exhaustion is an affirmative defense, so is untimeliness. *Cf. Salas v. Wisconsin Dep't of Corr.*, 493 F.3d 913, 921 (7th Cir. 2007) ("Filing a timely charge with the EEOC is not a jurisdictional prerequisite to suit in federal court; rather, it is an affirmative defense akin to administrative exhaustion."). Therefore, as previously explained, the proper way to address this defense is through a motion for judgment on the pleadings under Rule 12(c), rather than a motion to dismiss under Rule 12(b)(6). At any rate, either type of motion can only be granted where it is clear from the face of the pleadings that the claim is indisputably time barred.

The School District argues that Plaintiff failed to comply with the "statute of limitations" imposed by the IHRA (Doc. 12). The District notes that the complaint

"contains a dearth of information regarding when the District's alleged bullying occurred" (Doc. 12, p. 10). The complaint alleges that the bullying began "in 2015" and the only date Plaintiffs identify related to the alleged bullying is April 2, 2018 (Doc. 12, p. 10; *see also* Doc. 1, p. 3). The School District argues that "Plaintiffs fail to plead that any specific discriminatory incident occurred within 300 calendar days of the filing of the Illinois Human Rights Act complaint, and the two dates utilized for basis are well outside 300 days preceding the instant filing" (Doc. 12, p. 10).

It is unclear to the Court what exactly the School District is arguing. The wording seems to suggest the School District is arguing Plaintiffs' claims are untimely because they did not file this federal lawsuit within 300-days of any incident of bullying or harassment. *See* Doc. 12, p. 10 ("Plaintiffs fail to plead that any specific discriminatory incident occurred within 300 calendar days of the filing of the Illinois Human Rights Act *complaint*, and the two dates utilized for basis are well outside 300 days preceding *the instant filing*.") (emphasis added). To the extent that is true, this argument is a non-starter. The IHRA provides that claimants must file an administrative charge, *not* their civil lawsuit, within 300 days of the conduct or incident that purportedly violated the IHRA.

On the other hand, if the School District is arguing that Plaintiffs claims are untimely because, prior to filing suit, they did not file an administrative charge with the Illinois Department of Human Rights within the requisite 300-day window, this argument is incomplete. The School District did not indicate whether Plaintiffs filed an administrative charge with the Illinois Department of Human Rights, and if so, the date on which it was filed (*see* Doc. 12). Without that date, it is impossible to determine

Page 7 of 9

whether the charge was timely or not.

The Court notes that the complaint also does not contain any allegations regarding an administrative charge with the Illinois Department of Human Rights (*see* Doc. 1). However, Plaintiffs were not required to include such information in their complaint because timeliness is an affirmative defense and Plaintiffs thus had no obligation to anticipate and negate this defense in their complaint. Plaintiffs did, however, assert in their response to the motion to dismiss that they filed an administrative complaint with the Illinois Department of Human Rights on June 18, 2019 (Doc. 21, p. 9).[2] Plaintiffs further indicate that the incident described in the complaint where a teacher refused to provide a metal chair to J.L.P. occurred the first week of September 2018 (Doc. 21, p. 9; Doc. 1, ¶15). After J.L.P. reported this incident to his parents, they withdrew the boys from the School District on September 7, 2018 (Doc. 21, p. 9).

Working backwards from June 18, 2019—the day on which the administrative charge was filed—the IHRA's 300-day statutory window extends back to August 22, 2018. The incident regarding the metal chair thus occurred within the statutory window of time. Plaintiffs presumably believe, and the School District does not dispute, that the timely metal chair incident saves the earlier incidents that fall outside of the statutory 300-day window. *See Jones v. Lockard*, 956 N.E.2d 623, 630 (Ill. App. Ct. 2011).

---

[2] The Court can consider this new allegation because a plaintiff opposing a Rule 12(b)(6) motion may allege additional facts (without any evidentiary support) or elaborate on the existing factual allegations, so long as the additions and/or elaborations are consistent with the pleadings. *Geinosky v. City of Chicago,* 675 F.3d 743, 745 n.1 (7th Cir. 2012); *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 78 (7th Cir. 1992).

Given these newly alleged facts, Plaintiffs' IHRA claims are not indisputably time barred and they have not pled themselves out of court. Consequently, the corresponding portion of the School District's motion to dismiss must be denied.

## CONCLUSION

The motion to dismiss filed by Defendant Flora Community Unit School District No. 35 (Doc. 12) is **DENIED.**

**IT IS SO ORDERED.**

**DATED: August 14, 2020**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**